# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06CR2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LEONARD PARKER. ) | |
| ) | |

**THIS MATTER** is before the court on defendant's oral Motion for Reconsideration of Appointment of Counsel. On or about August 21, 2006, defendant presented to the court a new Affidavit of Indigency. Retained counsel called defendant to testify as to the contents of the Affidavit. At the conclusion of such testimony, counsel for defendant asked for leave to submit additional documentation to support the affidavit, and the court allowed defendant until August 24, 2006, to so submit such documents.

The court has carefully reviewed all of defendants' Affidavits, previous Orders in this matter (including the Sealed Order of the district court), and considered all of defendant's exhibits and his testimony. The court has considered the defendant's testimony concerning both the value and the disposition of his assets and finds it not to be fully credible. In particular, defendant has in sworn testimony or affidavits given the court three accounts of the value of a collectible car as well as its ownership: first, he described sole ownership and a value of $100,000; second, he described joint ownership with his wife; and third, he described it as belonging to his spouse and that he had no interest in it and did not know of its whereabouts. Further, in all of the previous affidavits, defendant omitted disclosure of seven bank accounts, which he testified as to owning at the latest hearing. As to those accounts, he failed to provide at the hearing a credible explanation as to the disposition of funds in those accounts. As to the supplemental materials submitted by counsel, the court

has closely reviewed such documents and cannot discern to a reasonable degree of certainty as to whether defendant had a surplus or a deficiency at the end of the foreclosure process.

After defendant filed his second Motion for Appointment of Counsel and argued that he was indigent, defendant testified on August 21, 2006, that he was able to retain two attorneys to represent him in pretrial proceedings in this matter for a fee that would have been more than sufficient to retain seasoned counsel to provide representation through trial.

The standards to establish indigency and thus eligibility for the appointment of counsel are set forth in Volume VII of the Guide to Judiciary Policies and Procedures, Chapter II, Rule 2.04. That rule reads as follows:

> Standards for Eligibility. A person is "financially unable to obtain counsel" within the meaning of subsection (b) of the Act if his net financial resources and income are insufficient to enable him to obtain qualified counsel. In determining whether such insufficiency exists, consideration should be given to (a) the cost of providing the person and his dependents with the necessities of life, and (b) the cost of the defendant's bail bond if financial conditions are imposed, or the amount of the case deposit defendant is required to make to secure his release on bond.
>
> Any doubts as to a person's eligibility should be resolved in his favor; erroneous determinations of eligibility may be corrected at a later time. At the time of determining eligibility, the judge or magistrate should inform the person of the penalties for making a false statement, and of his obligation to inform the court and his attorney of any change in his financial status. Prior to sentencing, the court should consider pertinent information contained in the presentence report, the court's intention with respect to fines and restitution, and all other available data bearing on the individual's financial condition in order to make a final determination concerning whether the individual then has funds available to pay for some or all of the costs of representation. At the time of sentencing, in appropriate circumstances, it should order the individual to reimburse the CJA appropriation for such costs. (See paragraph 2.22 E): Future earnings should not be considered or subject to a reimbursement order, however, other income or after-acquired assets which will be received within one hundred eighty days after the date of the court's reimbursement order may be available as a source of reimbursement.

Based on previous affidavits, defendant has shown the court he had a net equity of $399,00.00 in personal assets. In making his third motion for appointment of counsel,

defendant has failed to detail, even with the assistance of skilled counsel, the disposition of such substantial assets since February. Simply stating that he has given a power of attorney to his wife while detained, or that his wife is in the process of obtaining a divorce, or that the bank has foreclosed on certain properties, is not sufficient. This court will not require the taxpayers to foot-the-bill for attorneys fees for a person who in May described himself as a "wealthy businessman," and who has failed to completely show the court how his nearly half-million dollar net worth has been disposed of since that time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's oral Motion for Reconsideration of Appointment of Counsel is **DENIED.**

Signed: August 24, 2006

Dennis L. Howell
United States Magistrate Judge