# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06CR2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| LEONARD PARKER. | ) | |
| | ) | |

**THIS MATTER** is before the court on R. Scott Kiker's Motion to Withdraw as Attorney of Record. Having considered Mr. Kiker's motion and reviewed the pleadings, and it appearing that Mr. Kiker has properly notified his client, the court will allow the motion.

Both of defendant's retained attorneys having now withdrawn and the court having denied defendant's third motion for appointment of counsel, defendant is advised that he is now proceeding *pro se*, which means that he is now representing himself. A defendant in a criminal matter has a fundamental right to the assistance of counsel since "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant." Leak v. United States, 757 A.2d 739, 745 (D.C.2000). While a person's right to represent himself is not stated explicitly in the sixth amendment, the Supreme Court of the United States has held that such amendment "grants to the accused personally the right to make his defense." Faretta v. California, 422 U.S. 806, 819 (1975). The Court in Faretta did, however, provide that a person who proceeds *pro se* is entitled to be informed as to certain rights and obligations in self representation:

   (1)   when a defendant manages his own defense, he relinquishes many of the traditional benefits associated with the right to counsel;

   (2)   although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation,

so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942);

(3) in order to defend a case, defendant should apprehend the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. Hsu v. United States, 392 A.2d 972 (D.C.1978). This court went over with defendant at the commencement of this litigation the charges as well as the maximum possible penalties, and defendant has been well represented by experienced attorneys in the past several months;

(4) defendant is further advised that trial is scheduled in this matter for October 10, 2006, in Bryson City, North Carolina. In preparing for trial, defendant is advised that he has the right to review the government's evidence (as previously provided in the Pretrial Order), cause to be issued subpoenas for the appearance of any witnesses he may want to call at trial (since defendant is not indigent, he will be responsible for witness fees and travel), to *voir dire* (question) jurors (to the extent allowed by the district court), to make an opening statement at trial, to make motions, to object to the admission of any evidence or testimony, to testify on his behalf (or to remain silent), to cross examine any witness the government may call, to participate in a charging conference if one is conducted by the district court, and to make a closing statement. Defendant is advised to read and become familiar with the *Federal Rules of Criminal Procedure* and the *Federal Rules of Evidence*, which are

rules governing the conduct of trials and the admission of evidence in federal court; and

(5) defendant is further advised that during the trial of this matter, the district court will require decorum in his courtroom. Defendant is specifically cautioned that outbursts, interruptions, and displays of emotion are just some examples of conduct that could result in sanction, including but not limited to removal from the courtroom.

Finally, defendant is strongly encouraged to retain trial counsel. While defendant has an absolute right to self-representation, Faretta, supra, the assistance and advice of skilled attorneys, such as those he employed for pretrial proceedings, is of the utmost importance to a person who faces possible long-term deprivation of his liberty. Defendant is advised to give careful consideration as to whether he should use a portion of his substantial assets to retain such valuable legal service. It is not too late for an attorney to prepare this matter for trial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that R. Scott Kiker's Motion to Withdraw as Attorney of Record (#___) is **GRANTED,** and Mr. Kiker is **RELIEVED** of further representation of defendant in this matter. The court appreciates Mr. Kiker's service in this matter.

The Clerk of Court is directed to note on the docket that defendant is now proceeding *pro se* and it is requested that a copy of this Order be served on defendant personally by the United States Marshal with a return as to completion of such service being made to the Clerk of this Court.

Signed: August 25, 2006

_____
Dennis L. Howell
United States Magistrate Judge