IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL CASE NO. 2:06cr002

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LEONARD O'BRIEN PARKER. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter filed on November 9, 2009, which the Court construes as a motion to adjust the payments that he is required to make through the Inmate Financial Responsibility Program (IFRP). [Doc. 115].

The Bureau of Prisons has the authority to place a defendant in the IFRP based on the wording contained in the criminal judgment. See United States v. Watkins, 161 F. App'x 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 885-87 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by

filing the appropriate pleading in the district court of confinement, not the sentencing court. See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to adjust the payments that he is required to make through the IFRP [Doc. 115] is **DENIED**.

Signed: January 6, 2010

Martin Reidinger
United States District Judge