# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:06-cr-00002-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) LEONARD O'BRIEN PARKER, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration." [Doc. 124].

## I. PROCEDURAL BACKGROUND

The Defendant was found guilty of two counts of kidnaping during a bank robbery, in violation of 18 U.S.C. § 2113(e), two counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On September 13, 2007, he was sentenced to a total term of 552 months' imprisonment. [Doc. 102]. The Defendant's conviction and sentence were affirmed on appeal. [Doc. 111]. The Defendant filed a motion to vacate pursuant to 28 U.S.C. §

2255 [Doc. 117], which was denied and dismissed on August 16, 2013 [Doc. 118].

The Defendant now asks the Court to reconsider his sentence in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). [Doc. 124].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The relief sought by the Defendant in the present motion is relief he could obtain only through a successful § 2255 proceeding. Accordingly, the Court must treat his motion as a successive motion brought pursuant to § 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). The Defendant, however, has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present § 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reconsideration [Doc. 124] is **DISMISSED** as an unauthorized, successive § 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: June 20, 2016

Martin Reidinger
United States District Judge